FILED

'98 FEB 24 PM 3: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

FEB 2 4 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

AMSOUTH BANK, a bank }
organized under the laws of }
the State of Alabama, }
successor by merger to } CIVIL ACTION NO.
AmSouth Bank of Alabama, }
formerly known as AmSouth } CV-97-AR-3249-E
Bank N.A., }
 }
    Plaintiff }

vs.

THE MCD, INC. 401(K) PLAN,

    Defendant

MEMORANDUM OPINION

Presently before the court is a motion for entry of default by the Clerk and a motion for a default judgment, both filed by plaintiff, AMSOUTH BANK ("AmSouth"), on February 3, 1988. Also before the court is a notice of special appearance filed by J. Michael McDavitt and William P. Aiken, Jr., challenging service of process on them in their capacities as former president and secretary, respectively, of MCD, Inc. Both motions were heard at this court's regularly scheduled motion docket on February 13, 1998. Neither The MCD, Inc. 401(K) Plan, MCD, Inc., nor MCD International, L.L.C. has appeared, much less answered. Therefore, based upon the evidence that appears in the record, the court will grant AmSouth's motion for default judgment based upon the following findings of fact.

## Findings Of Fact

1. AmSouth is the directed trustee of defendant, The MCD, Inc. 401(K) Plan ("Plan"). Tracey Cain Aff. (Doc. 19) at 1 ¶3. All Plan participants were one hundred percent vested in both their personal contributions and their employer's matching contributions immediately upon entering the Plan. Id. at ¶4. AmSouth, as directed trustee, cannot disburse funds under the Plan without the direction of the Plan Administrator. Id. at ¶5; Amended. Compl. Ex. 1, Plan at 25, 80. AmSouth has received no direction, for close to six months, with respect to the disposition of the Plan assets from either MCD, Inc., ("MCD") or its successor MCD International, L.L.C. ("MCD International"), the plan administrators. Cain. Aff. (Doc. 19) at ¶6 - 9.

2. MCD, Inc. is currently a debtor in a bankruptcy proceeding pending in the Northern District of Alabama, Eastern Division, Case Number: 96-4392. The bankruptcy trustee in said case, Rocco Leo, does not intend to intervene in the present action or to make any claim to the funds which are the subject of the present action. Attached Ex. A; Doc. 17, Ex. 1 at ¶4.

3. MCD International is currently a debtor in an involuntary bankruptcy action pending in the Eastern District of New York,

2

Case Number 1-97-22501. The bankruptcy trustee in said case, John S. Pereira, does not intend to intervene in the above captioned matter or to object to the relief sought. Doc. 20.

4. AmSouth filed its amended complaint on December 19, 1998. The last person/entity served with a copy of the amended complaint received the pleading on January 5, 1998. Doc. 8. Therefore, pursuant to the Federal Rules of Civil Procedure, the defendant had until January 25, 1998 to file an answer, inasmuch as the defendant failed to return a waiver of service form. F.R.Civ.P. 12(a)(1). Neither The MCD, Inc. 401(K) Plan, MCD Inc., nor MCD International has answered or appeared.

5. All contributions made on behalf of Plan participants by MCD Inc. and MCD International, and earnings thereon, belong to the Plan.

6. All periods of service by employees of MCD Inc. and MCD International through August, 1997, the date that MCD International closed its business operations, are to be credited by AmSouth to those employees.

7. J. Michael McDavitt and Jerry Hu were highly compensated employees and therefore ineligible to participate in the Plan.

3

Cain Aff. (Doc. 19) at ¶11; Amended Compl. Ex. 1, <u>Adoption Agreement</u> at 5, 16.

8.  MCD International contributed a total of $2,600.12 to the Plan on behalf of McDavitt. Cain Aff. (Doc. 19) at ¶12.

9.  MCD, Inc. contributed a total of $1,231.59 to the Plan on behalf of Hu. MCD International contributed a total of $1,583.62 to the Plan on behalf of Hu. *Id*.

10. Although the Plan does not specifically address how these inappropriately contributed funds should be distributed, the most equitable resolution is to consider the funds as non-matching employer contributions to the Plan.

11. On February 11, 1998, counsel for McDavitt orally informed the court that his client does not object to this Plan distribution arrangement.

12. Although there is no evidence that AmSouth served Hu directly with notice of the above captioned action, the record reflects that the bankruptcy trustees for MCD, Inc. and MCD International, respectively, were served with copies of the amended complaint and the motion for a default judgment. In

4

addition, courtesy copies of the amended complaint and the motion for default judgment were served on the Labor Department and the attorney representing former employees of MCD.  Amended Compl. (Doc. 2);  Doc. 18 at 6.

13. In the event the employer does not pay the administrative costs that AmSouth incurs, in its capacity as trustee of the Plan, the Plan authorizes AmSouth to deduct those costs from the trust funding the Plan.  Cain Aff. at ¶13; Amended Compl. Ex. 1, Plan, Section 7.6, pp. 88 - 89.

14. AmSouth has certified that its costs associated with terminating the Plan and distributing Plan assets to the participants will exceed $10,000.  Cain Aff. at ¶14.

15. AmSouth has agreed to limit its recovery of administrative costs to $5,415.33, the total amount inappropriately contributed to the Plan by the employer on behalf of McDavitt and Hu, the two highly compensated employees.

### Conclusions of Law

1. This court has jurisdiction over the subject matter and over the parties.

2. Plaintiff is entitled to the relief it seeks.

DONE this 24th day of February, 1998.

*/s/ William M. Acker*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

# MAYNARD, COOPER & GALE, P.C.

ATTORNEYS AT LAW

1901 SIXTH AVENUE NORTH

2400 AMSOUTH/HARBERT PLAZA

BIRMINGHAM, ALABAMA 35203-2602

(205) 254-1000

FACSIMILE (205) 254-1999

---

MONTGOMERY OFFICE:
ONE COMMERCE STREET
SUITE 302
MONTGOMERY, ALABAMA 36104
(334) 262-2001

Writer's Direct Dial:
(205) 254-1073

GEORGE F. MAYNARD
C.C. TORBERT, JR.
ASA ROUNTREE
N. LEE COOPER
FOURNIER J. GALE III
DANIEL H. MARKSTEIN III
KIRBY SEVIER
GEORGE G. LYNN
J. HOBSON PRESLEY, JR.
STEPHEN E. BROWN
CATHY S. WRIGHT
CURTIS O. LILES III
ROBERT R. SEXTON
H. THOMAS WELLS, JR.
KATHLEEN A. COLLIER
JAMES L. GOYER III
A. INGE SELDEN III
LEE E. BAINS, JR.
TONY G. MILLER
FRANK D. McPHILLIPS
MAIBETH J. PORTER
WALKER PERCY BADHAM III
DAVID M. SMITH
JARRED O. TAYLOR II
J. MICHAEL SAVAGE
JAMES L. PRIESTER
GREGORY H. HAWLEY
LUTHER M. DORR, JR.
JOHN N. BOLUS
J. KRIS LOWRY
MARK L. DREW
JAYNA PARTAIN LAMAR
RANDALL H. MORROW
C. MARK STRENGTH
JOHN H. BURTON, JR.
PATRICK C. COOPER
CYNTHIA G. LAMAR-HART
SCOTT A. ABNEY
GREGORY S. CURRAN
JEFFREY M. GRANTHAM
STEPHEN C. JACKSON
JAMES M. POOL

DANA L. THRASHER
MITCHELL G. ALLEN
THOMAS H. BRINKLEY
KATHARINE A. WEBER
MICHAEL D. MULVANEY
J. ALAN TRUITT
LAURA A. WOODRUFF
KATHRYN O. PUGH
CARL S. BURKHALTER
SARAH YATES LARSON
THOMAS C. CLARK III
CHRISTOPHER B. HARMON
JEFFREY A. LEE
WARREN B. LIGHTFOOT, JR.
ROBERT W. TAPSCOTT, JR.
S. DOUGLAS WILLIAMS, JR.
PETER S. FRUIN
T. LOUIS COPPEDGE
WILLIAM B. WAHLHEIM, JR.
JOHN P. DULIN, JR.
LORRIE L. LIZAK
ELIZABETH G. BEAUBE
JAMES T. CARR
GREGORY L. DOODY
EDWARD A. HOSP
DENNIS E. GOLDASICH, JR.
CAROLE A. GOLINSKI
BRUCE A. PARSONS
KEVIN W. PATTON
L. WAYNE PRESSGROVE, JR.
CARRANZA M. PRYOR
STEPHEN W. STALLCUP
MICHAEL E. TURNER
JOHN A. EARNHARDT
J. ALAN BATY
STEPHEN FOSTER BLACK
BRANNON J. BUCK
ALEXANDER J. MARSHALL, III
MARCIE E. PADUDA
JENNIFER R. SMITH
HARDWICK C. WALTHALL

February 9, 1998

**BY HAND DELIVERY**
Honorable William M. Acker, Jr.
United States District Judge
United States District Court
Northern District of Alabama
Hugo Black United States Courthouse
1729 North 5th Avenue
Birmingham, Alabama 35203

      Re:    *AmSouth Bank v. MCD, Inc., et al.*
             Civil Action No. CV-97-AR-3249-E

Dear Judge Acker:

      I am enclosing a copy of a letter from Marvin Franklin, counsel for MCD, Inc.'s bankruptcy trustee, confirming in writing that his client does not intend to intervene or make any claim to the 401(k) Plan funds that are the subject of this action. Additionally, I spoke with Mr. Bruce Bailey, counsel for Mr. William Aiken and Mr. J. Michael McDavitt, this morning. Mr. Bailey informed me that neither of his clients has any objection to the entry of a default judgment and an order from the Court directing AmSouth to disburse the 401(k) Plan funds to the Plan participants.

      AmSouth respectfully renews its request that the Court set its pending motion for default judgment on the February 13, 1998 motion docket and requests oral argument at the Court's motion docket.

EXHIBIT A

Honorable William Acker
February 9, 1998
Page 2.

        Thank you for your consideration.

        Respectfully,

        Sarah Y. Larson

cc:    All counsel of record (w/encl.)(by facsimile and U.S. Mail)

MAYNARD, COOPER & GALE, P.C.



# NAJJAR
# DENABURG, P.C.
Attorneys at Law

Charles L. Denaburg
L. Stephen Wright, Jr.
Douglas L. McWhorter
Robert H. Adams
Marvin E. Franklin
Jesse P. Evans III
Richard W. Theibert

Walter F. McArdle
Denise J. Pomeroy
Rachel J. Moore
Laurie B. Sharp
Donna Knotts Byrd
Jeffrey D. Dyess
Joseph L. Cowan, II

Thomas C. Najjar, Jr.
(1931-1995)

February 6, 1998

**VIA FACSIMILE 205/254-1999**
**AND FIRST CLASS UNITED STATES MAIL**

Jayna Partain Lamar, Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama  35203

    Re:   AmSouth Bank v. The MCD Inc. Salary Savings Plan
           Case No. CV97-L-3249-E; Our File No. 13218.76869

Dear Jayna:

As you know, our firm represents Rocco Leo, Trustee in the bankruptcy case of MCD, Inc. pending in the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division, Case No. 96-43292.  I have reviewed the complaint filed by AmSouth Bank in the above matter along with the plans and other documents concerning the MCD, Inc. pension plans.  The Trustee, Rocco Leo, does not intend to intervene or make any claim to the funds which are the subject of this complaint.

If you have any other questions, please do not hesitate to contact me.

Sincerely,

Marvin E. Franklin

MEF/rdb